# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 13, 2021

By ECF

Honorable John P. Cronan
United States District Judge
Southern District of New York

**Re:  United States v. Roberto Acevedo, 21 Cr. 30 (JPC)**

Dear Judge Cronan:

I write to respectfully request that the Court order the sealing of the highlighted portions of the sentencing transcript in this matter (attached as Ex. A). The highlighted portions (on pages 12, 13, 15, 24, and 29) are discussions of ███████████████ ██████████████████████████ and so should be sealed. The Government has reviewed the proposed redactions and consents to them.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
(212) 417-8792
jonathan_marvinny@fd.org

cc:   Peter J. Davis, Esq.
      Assistant United States Attorney

This request is granted.  The Court finds that the redactions are narrowly tailored to serve law enforcement concerns, judicial efficiency, and privacy interests.  *See United States v. Amodeo*, 71 F.3d 1044, 1048-53 (2d Cir. 1995).

SO ORDERED.

Date: December 14, 2021

New York, New York

JOHN P. CRONAN
United States District Judge

# EXHIBIT A

LASAAACES                    S - E - A - L - E - D

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4             v.                          21 CR 30 (JPC)

5   ROBERT ACEVEDO,

6             Defendant.

7   ------------------------------x

8                                    New York, N.Y.
                                     October 28, 2021
9                                    2:00 p.m.

10
    Before:
11
                       HON. JOHN P. CRONAN,
12
                                         District Judge
13

14                       APPEARANCES

15  AUDREY STRAUSS
         Acting United States Attorney for the
16       Southern District of New York
    PETER DAVIS
17       Assistant United States Attorney

18  JONATHAN MARVINNY
         Attorney for Defendant Acevedo
19

20

21

22

23

24

25

2

LASAAACES                    S - E - A - L - E - D

1                    (Case called)

2           MR. DAVIS:  Good afternoon, your Honor.

3           Peter Davis, for the government.

4           THE COURT:  Good afternoon, Mr. Davis.

5           MR. MARVINNY:  Good afternoon, your Honor.

6           Federal Defenders of New York, by Jonathan Marvinny,

7    for Mr. Roberto Acevedo.

8           THE COURT:  Good afternoon, Mr. Marvinny and

9    Mr. Acevedo.

10          We're here today to impose sentence in United States

11   v. Roberto Acevedo.  Before we begin, we are by joined by a

12   Spanish interpreter.

13          I will ask the interpreter to, please, identify

14   herself.

15          THE INTERPRETER:  Nancy I. Adler.

16          Good afternoon, your Honor.  I'm federally certified

17   in my office and the office.

18          THE COURT:  Good afternoon, Ms. Adler.

19          Mr. Acevedo, are you able to understand the

20   interpreter?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And if at any point during today's

23   proceeding if you are having trouble understanding, please, let

24   me know and we will address any problems.

25          THE DEFENDANT:  Of course.

LASAAACES                    S - E - A - L - E - D

1           THE COURT:  Mr. Acevedo pled guilty before me on

2    July 27, 2020, pursuant to a plea agreement with the United

3    States Attorney's Office.  He pled guilty to the only count of

4    the indictment.  That count charged him with participating in a

5    conspiracy to distribute and to possess with the intent to

6    distribute 500 grams and more of cocaine in violation of Title

7    21 U.S.C. Sections 846 and 841 (b)(1)(b).

8           In preparation for today's sentencing I've reviewed

9    the presentence investigative report dated October 15, 2021.  I

10   have also received and reviewed submissions from the parties.

11   I've reviewed the defendant's submission dated October 14th,

12   2021.  That includes a brief signed by Mr. Marvinny, as well as

13   several attachments, a letter from Mr. Acevedo's long time

14   partner, Elanda Acevedo; a letter from Mr. Acevedo's nephew,

15   Neil Garcia; a letter from Mr. Acevedo's niece, Charlene Bruno;

16   and a letter from Ms. Bruno's husband, Eric Wells.  I also have

17   received and reviewed the government submission for Mr. Davis,

18   dated October 16, 2021.

19          Have the parties received and reviewed each of these

20   submissions, Mr. Marvinny?

21          MR. MARVINNY:  Yes, your Honor.

22          THE COURT:  Mr. David?

23          MR. DAVIS:  No, your Honor.

24          THE COURT:  Have there been any other submissions in

25   connection with this sentencing that I have not mentioned?

4

LASAAACES                    S - E - A - L - E - D

1          MR. MARVINNY:  No, your Honor.

2          MR. DAVIS:  No, your Honor.

3          THE COURT:  It appears that all the materials have

4   been publically filed.

5          Are there any reasons they should not remain publicly

6   filed, Mr. Marvinny?

7          MR. MARVINNY:  No, your Honor.  In our filing there

8   was a portion that was redacted but the materials have been

9   publicly filed and there is no reason they shouldn't be.

10          THE COURT:  Trying too remember what was redacted but

11   whatever is public I'll adopt it and remain public as adopted.

12          MR. MARVINNY:  Yes, your Honor.

13          THE COURT:  You agree, Mr. Davis?

14          MR. DAVIS:  Yes, your Honor.

15          THE COURT:  Mr. Davis, also the plea agreement

16   mentioned that the defendant admitted the forfeiture allegation

17   in the indictment.

18          Is there a proposed order of forfeiture?

19          MR. DAVIS:  There is no forfeiture, your Honor.

20          THE COURT:  Let's turn to the presentence

21   investigative report.

22          Mr. Marvinny, have you read the report?

23          MR. MARVINNY:  Yes, your Honor.

24          THE COURT:  Have you discussed it with Mr. Acevedo?

25          MR. MARVINNY:  Yes.

5

LASAAACES                    S - E - A - L - E - D

```
 1              THE COURT:  Mr. Acevedo, let me ask you that as well.
 2         Have you also read the presentence investigative
 3    report?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  And was that report translated in Spanish
 6    for you?
 7              THE DEFENDANT:  I was able to understand as much as
 8    possible and in English and other people translated it for me.
 9              THE COURT:  And have you been able to discuss that
10    report with your attorney?
11              THE DEFENDANT:  We've discussed it, yes.
12              THE COURT:  And have you had enough time and
13    opportunity to review the presentence report and discuss it
14    with Mr. Marvinny?
15              THE DEFENDANT:  Well, not specifically but, yes, we've
16    discussed it.
17              THE COURT:  And have you had enough time to review the
18    report and discuss it with your attorney?
19              THE DEFENDANT:  Yes, yes.
20              THE COURT:  And have you been able to go over with
21    your attorney any mistakes or errors that you saw in the
22    report?
23              THE DEFENDANT:  I left that in my attorney's hands.  I
24    trust that.
25              MR. MARVINNY:  Your Honor, if I may?  I know
```

6

LASAAACES                S - E - A - L - E - D

1   Mr. Acevedo in person he is detained at the Essex County jail.

2   We've reviewed the report.  I also speak Spanish myself.  We've

3   discussed it in Spanish as well.  And Mr. Acevedo, my

4   understanding, was given the opportunity to identify to me any

5   errors or corrections.

6              THE COURT:  Mr. Acevedo, did you hear what your

7   attorney just said to me?

8              THE DEFENDANT:  Yes, but what's happened is that after

9   COVID my health has been deteriorating and I am not the same

10  person that I was then.

11             THE COURT:  Mr. Acevedo, I recall from prior court

12  appearances of course, your health issues.  What I just want to

13  make sure about now, Mr. Acevedo, is that you were able to read

14  the report and --

15             THE DEFENDANT:  Yes, I did.

16             THE COURT:  And if you saw anything that was wrong in

17  the report you were able to tell your attorney about that; did

18  you?

19             THE DEFENDANT:  No, no, I did not tell him there was

20  anything mistaken.  I read it and I agreed with what it said.

21             THE COURT:  And have you always been able to talk with

22  your attorney about any other issues you wished him to raise

23  today at your sentencing?

24             THE DEFENDANT:  I did not understand that.  Again?

25             THE COURT:  Sure.  Prior to this afternoon, have you

LASAAACES                    S - E - A - L - E - D

1   been able to talk with your attorney and discuss with him

2   anything that you wished for him to tell me today in connection

3   with your sentencing?

4          THE DEFENDANT:  Oh, yes.  I did speak to him before.

5   We saw each other downstairs.

6          THE COURT:  Mr. Davis, have you also reviewed the

7   presentence investigative report?

8          MR. DAVIS:  Yes, your Honor.

9          THE COURT:  There was one small correction that I

10  think I am going to make to the report that I just want to flag

11  for the parties.  On page 17 in the recommendation section, the

12  report says that Mr. Acevedo's bail was revoked as a result of

13  his drug use.  That's not accurate really.  While there was a

14  violation report filed, that was not the reason bail was

15  revoked.  Bail was revoked after his guilty plea pursuant to 15

16  U.S.C. Section 3143 (A) (2).  So, I am inclined to correct that

17  sentence so an institution doesn't later see the report and

18  thinks that there was a drug violation that revoked his bail.

19         Is there any concern with making that edit?

20         MR. DAVIS:  No, your Honor.

21         MR. MARVINNY:  No.

22         Thank you, your Honor.

23         THE COURT:  And other than that, are there any other

24  objections to the factual recitation set forth in the report,

25  Mr. Marvinny?

LASAAACES                    S - E - A - L - E - D

1              MR. MARVINNY:  No, your Honor.

2              THE COURT:  Mr. Davis?

3              MR. DAVIS:  No, your Honor.

4              THE COURT:  Hearing no objections other than the

5     correction I mentioned, I will adopt the factual recitations

6     set forth in the presentence investigative report.  The report

7     will be made part of the record in this matter and placed under

8     seal.  If an appeal is taken, counsel on appeal may have access

9     to the sealed report without further applications to this

10    Court.

11             Let's turn now to the sentencing guidelines.

12             Although the Court is no longer required to follow

13    U.S. Sentencing Guidelines, I am still required to consider the

14    applicable guidelines in imposing sentence.  To do that it is

15    necessary for me to accurately calculate the guideline

16    sentencing range.

17             In this case there was a plea agreement, as I

18    mentioned earlier.  In that agreement the parties stipulated to

19    a guidelines offense level of 19, a criminal history category

20    of one and advisory guidelines range of 30 to 37 months.

21             It appears to me that the calculation in the

22    presentence investigative report is consistent what the parties

23    agreed to in the plea agreement.

24             Is that right, Mr. Davis?

25             MR. DAVIS:  Yes, your Honor.

LASAAACES                 S - E - A - L - E - D

1          THE COURT:  Mr. Marvinny?

2          MR. MARVINNY:  Yes.

3          THE COURT:  Based on the parties' agreement and the

4    absence of any objection and also my independent evaluation of

5    the sentencing guidelines in this case, I will accept the

6    guideline calculation in the presentence report.  And just to

7    put that on the record, I find that the total offense level is

8    19.  That starts with a base offense level of 24, pursuant to

9    guideline section 2D1.185 and C8 and that is because of the

10   offense involved at least 500 grams but less than two kilograms

11   of cocaine.

12         Two levels are reduced because the defendant qualifies

13   for what is called safety valve release pursuant to Section 2D

14   1.1B18.

15         Another two levels are reduced for acceptance of

16   responsibility given the defendant's timely guilty plea under

17   Section 3B1.1A.

18         Mr. Davis, does the government move for the third

19   point pursuant to Section B?

20         MR. DAVIS:  It does.

21         THE COURT:  I'll grant that motion and that brings the

22   offense level down to 19.

23         I also agree that the criminal history category is one

24   which reflects one criminal history point that resulted from

25   Mr. Acevedo's March 2016 conviction in the Bronx for driving

LASAAACES                      S - E - A - L - E - D

1    while intoxicated.  The guidelines range therefore is 30 to 37

2    months imprisonment and a fine range of $10,000 to $5,000,000.

3            Let me just pause for one minute.

4            I want to welcome folks here.  I do apologize, but I

5    think it's necessary to space out a little bit more in the

6    courtroom.  I think there may be some benches back there.  We

7    need to keep a bit of a distance between people for COVID

8    reasons.  So, maybe if some ever you can go that way.

9            THE INTERPRETER:  May I inquire of the defendant if he

10   is hearing?

11           THE COURT:  Yes.

12           (Pause)

13           THE INTERPRETER:  "Can the interpreter speak more

14   clearly", was requested.

15           THE COURT:  I believe that the plea agreement in this

16   case provided that neither party would be seeking a departure

17   from the stipulated guidelines range.  I am talking, of course,

18   about departure, what is more commonly known as -- and I

19   understand both.

20           But let me confirm, Mr. Marvinny, does the defendant

21   seek a departure from the range?

22           MR. MARVINNY:  No.

23           THE COURT:  Mr. Davis?

24           MR. DAVIS:  No, your Honor.

25           THE COURT:  I also have considered whether there is an

LASAAACES                    S - E - A - L - E - D

1   appropriate basis for a departure from the advisory guidelines

2   range.  And while recognizing that I have the authority to

3   depart, I do not find any grounds warranting an upward or

4   downward departure in this case and therefore, I decline to

5   depart from the guideline range that I mentioned moments ago.

6        Let me now hear from the parties as to sentencing.

7   I'll start with Mr. Davis and then hear from Mr. Marvinny and

8   if he wishes to speak, Mr. Acevedo as well.

9        MR. DAVIS:  Thank you, your Honor.  If I may speak

10  just very briefly.

11        The government is seeking a sentence within the

12  stipulated guidelines range for this defendant for largely the

13  reasons set forth in its submission, but I do want to

14  underscore three points of why the government's making that

15  recommendation in this case.

16        The first is a basic one and one that I imagine will

17  not be disputed, which is that Mr. Acevedo engaged in serious

18  conduct.  This is drug dealing powder cocaine, drugs that

19  certainly harm our community and can certainly harm those

20  addicted to them.

21        The second reason is because this was an extended

22  period of conduct.  This was not a single sale on a single

23  occasion.  Instead, this was multiple sales on multiple

24  occasions over the period of months.

25        And third and related to that comment about how this

LASAAACES                    S - E - A - L - E - D

1    is an extended period of conduct was, this is not Mr. Acevedo's

2    first criminal conviction.  Much of his criminal history is

3    very old.  The government will concede that.  Indeed, the

4    guidelines reflect that.  As in the PSR notes on page 17, this

5    is the defendant's ninth criminal conviction but he has one

6    criminal history point.  And so, the government's not arguing

7    that he had recent criminal history.

8            But the point about that is the defendant clearly has

9    not aged out of criminal conduct.  And given that this offense

10   happened when the defendant had already been convicted on

11   multiple occasions and had multiple chances to set straight,

12   the government believes that a substantial sentence like the

13   one represented by the stipulated guidelines range is

14   appropriate.

15           THE COURT:  Can I ask a couple questions?  And I'll

16   ask Mr. Marvinny about this as well.

17   ████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

     ████████████████████████████████████

23           MR. DAVIS:  Your Honor, may I consult with counsel for

24   one second?

25           THE COURT:  Yes.

LASAAACES                    S - E - A - L - E - D

1          (Pause)

2          MR. DAVIS:  So, judge.  Thank you for that.

3 

4

5

6

7

8

9          THE COURT:  And you agree that that's something that I

10 can take into consideration?

11         MR. DAVIS:  Of course, your Honor.

12         THE COURT:  And in terms of this individual, this

13 defendant's role in the conspiracy, is it the government's view

14 that his role was to hand the drugs to potential buyers or was

15 there an additional role?

16         MR. DAVIS:  Your Honor, I believe that's an accurate

17 description of his role.

18         THE COURT:  Thank you, Mr. Davis.

19         Mr. Marvinny.

20         MR. MARVINNY:  Thank you, your Honor.

21         Let me start with the points Mr. Davis made that I

22 don't dispute, which is that this was serious conduct and that

23 it occurred over a relatively long period of time.  It spanned

24 some portion of two years.  It's not the lengthiest conduct

25 ever but it's true.  I agree with the government on those.

LASAAACES                          S - E - A - L - E - D

1          I take issue with the government's position on

2    Mr. Acevedo's criminal history.  Although, I understand the

3    idea that Mr. Acevedo hasn't aged out of criminality,

4    obviously, since he sitting here today.  I do think that

5    Mr. Acevedo has a, that the relative lack of severity of his

6    criminal history is noteworthy for a 63-year-old defendant.

7          Most importantly, your Honor, not only does he just

8    have one criminal history point, his longest prior sentence was

9    60 days in prison.  So, even though his criminal history goes

10   back many, many years, he's never received a sentence longer to

11   longer than two months and that sentence was in 1982, some 40

12   years ago.

13         I know a lot of courts and judges are concerned with

14   the principle of incremental punishment and so that any

15   sentence the Court imposes today I think would satisfy that

16   principle.  I'm not excusing Mr. Acevedo's criminal history.  I

17   do think it is in the main indicative of someone who struggled

18   with substance abuse and poverty.  He's got a lot of state

19   court misdemeanors, trespass, things like that.  That is not

20   the entirety of his record but it certainly is a large portion

21   of it.  So, I do think his criminal history or lack of criminal

22   history is mitigated.

23         We've asked for a sentence of a year and a day, your

24   Honor.  I'd just like to briefly underscore why I think that's

25   appropriate.  It's obviously in our submission.  And of course,

LASAAACES                    S - E - A - L - E - D

1    point one is what I just said, which is Mr. Acevedo's relative

2    lack of criminal history.  ████████████████████████████

     █████████████████████████████████████████████████████

     ██████████████████   ████████████████████████████████

     ████████████████████████████████████████████

     ████████████████████████████.

7         Third, your Honor, returning to Mr. Acevedo's offense,

8    now we concede it's serious and involved a large amount of

9    cocaine, it is the case that Mr. Acevedo conducted hand-to-hand

10   sales to an undercover and that there was no violence involved.

11        Fourth, your Honor, Mr. Acevedo, as this Court knows

12   and as this Court acknowledged at the outset, is 63-years-old

13   and in poor health.  He is in very poor health.  We have had

14   lengthy discussions about Mr. Acevedo's umbilical hernia and

15   that condition at the time of his guilty plea.  unfortunately,

16   that condition is growing worse.  He has not received a surgery

17   for that condition yet.  We are working with Excess County to

18   try to make that happen but he hasn't received it yet.

19        The umbilical hernia is not the only medical condition

20   Mr. Acevedo suffers from.  Mr. Acevedo has severe and chronic

21   back pain.  He has hypertension.  He is obese.  He also, your

22   Honor -- and this is another point I'll make -- is dependent on

23   opioids.  He was in methadone maintenance at the time of his

24   arrest and he is now receiving some type of methadone

25   maintenance at Essex County although it's a fairly diminished

1   amount.  Mr. Acevedo struggled with that and feels sick

2   frequently.

3          And for all of those reasons his period of

4   incarceration has already been pretty onerous for him.  So, we

5   ask the Court to take that into account.

6          THE COURT:  Mr. Marvinny, after the hernia surgery,

7   you are still working with Essex about that?

8          MR. MARVINNY:  Yeah.  Your Honor, initially,

9   Mr. Acevedo expressed some hesitance to have his surgery

10  performed while in jail.  The condition has gotten worse since

11  then and I think he's revised his view and he has asked Essex

12  County to facilitate the surgery.  They are aware of his

13  condition and it's all over his medical records, but they have

14  not yet -- I am just reporting.

15         In terms of reasons, I think a year and a day is

16  justified but suffice to say, regarding the offense again,

17  Mr. Acevedo was abusing heroin at the time of the offense and

18  we think that that's mitigating as well.

19         Finally, your Honor, and in some ways among the most

20  important reasons, Mr. Acevedo is very likely to be deported to

21  the Dominican Republic at the conclusion of his prison term.  I

22  think that is not something his family wants to hear.  It's not

23  something Mr. Acevedo wants to hear.  Unfortunately, I think it

24  is likely, your Honor, a country Mr. Acevedo has not lived in

25  someone since he was 12-years-old.  He obviously has very

LASAAACES                    S - E - A - L - E - D

1   strong family support.  That's evident today in court.  For the

2   record, there are some 15 to 20 family members and friends in

3   court today for Mr. Acevedo.  It's going to be a severe blow

4   for them and for him to be deported.  The Second Circuit has

5   made clear that the Court could consider that additional

6   punishment in factoring a sentence.

7          So, for all of those reasons, your Honor, this is a

8   sad day for Mr. Acevedo.  Without excusing any of his criminal

9   conduct, I don't want to put that to the side but from his

10  perspective it's a terribly sad day.  He's kind of a sad man in

11  many ways.  I am very fond of him but he hasn't had it easy,

12  hasn't made it easy on himself.  So, we are asking the Court

13  for some measure of mercy here.  We respectfully suggest a year

14  and a day.

15         THE COURT:  Mr. Marvinny, let me ask you a little

16  more.  I understand the point in your submission that as a

17  general matter recidivism rates decrease as an individual gets

18  older and approaches Mr. Acevedo's age.  But here we have, we

19  don't seem to have that and we have probably the most serious

20  conviction occurring in his early 60s -- a little more about

21  how you think I should treat and how he didn't aged out of

22  crime.

23         MR. MARVINNY:  Understood, your Honor.  Well, I'd say

24  that first there's the practical matter that he is going to be

25  most likely living in another country and so, isn't really a

18

LASAAACES                    S - E - A - L - E - D

1    threat to break U.S. law again.  It's just a practical basic

2    consideration.

3              Next, I will say, I think the difference here is that

4    Mr. Acevedo got into heroin pretty seriously about eight years

5    ago and there is know no doubt, I think there's no doubt that

6    his heroin addiction motivated a large portion of the instant

7    offense, and can't be kind of separated from what he did and

8    that's a kind of different circumstance that came to him later

9    in life.

10             Next, your Honor, it's hard to say, it's only been a

11   month or so that he has been incarcerated but I think this,

12   which again, is already approaching the longest time he's spent

13   in prison and it's been a real wake-up call for Mr. Acevedo he

14   sees as never before the consequences of criminal activity.

15   Whatever sentence your Honor gives him, as I said, will be his

16   longest sentence and he will be chasing by it.  It has rocked

17   him to his core, the fact that he is not only going to serve a

18   prison sentence but that he is going to be taken away from his

19   family.  So, I guess in basic terms, if he hasn't learned his

20   lesson yet, by the time this is over he will be a little bit

21   older, it is our hope that he will have learned his lesson.

22   So, I guess this is what takes him out of, what separates him

23   from any other 63-year-old who is committing crimes.

24             THE COURT:  Mr. Marvinny, probation recommends the

25   following conditions of supervised release, including a search

LASAAACES                    S - E - A - L - E - D

1    condition and outpatient treatment.  Now taking your point that

2    there may not be effectively supervised release if he is put in

3    removal proceedings.  But what is the defendant's view on those

4    two recommendations, the search condition and outpatient

5    treatment?

6          MR. MARVINNY:  We don't object to them.  We think they

7    are appropriate.  And I should say depending on the length of

8    the sentence, either way we are going to ask the Court to

9    recommend the RDAP program for Mr. Acevedo during his

10   incarceratory term.  I think also speaks to, there is no doubt

11   he needs drug treatment.

12         THE COURT:  Before I go to Mr. Acevedo, let me turn

13   back to Mr. Davis briefly.

14         What is the government's view on whether I should

15   consider the possibility of removal in imposing a sentence?

16         MR. SNAO:  I think the Court will certainly take into

17   consideration under 3553(a) any factor it deems relevant

18   including additional consequences to the conviction as

19   Mr. Marvinny says.  For the reasons we said previously, we

20   don't think that that is a mitigating factor that overrides the

21   other aggravating factors.

22         And for those reasons, stand by his recommendation.

23         THE COURT:  Okay.  Mr. Marvinny, if you don't have

24   anything else, I'll hear from your client if Mr. Acevedo wishes

25   to say anything.

LASAAACES                    S - E - A - L - E - D

1          MR. MARVINNY:  That's fine.

2          Thank you.

3          THE DEFENDANT:  Yes.

4          Your Honor, I would like to tell you that I am

5     remorseful for what I've done.  I have committed small mistakes

6     before but now I'm more aware.  Now I've learned my lesson and

7     so I would like you to forgive me.  I've already learned my

8     lesson.

9          And thank you.

10          THE COURT:  Thank you, Mr. Acevedo.  Bear with me for

11     a moment.

12          (Pause)

13          THE COURT:  Let me ask counsel if there's any reason

14     why sentence should not be imposed at this point?

15          MR. DAVIS:  No, your Honor.

16          MR. MARVINNY:  No, your Honor.

17          THE COURT:  I begin with the question of whether a

18     mandatory minimum applies in this case?  Mr. Acevedo was

19     convicted of conspiring to distribute and possess with intent

20     to distribute 500 grams and more of cocaine in violation of 21

21     U.S.C. Sections 846 and 841 (B) (1) (D).  Normally, this

22     offense will require a mandatory minimum sentence of five years

23     in prison.  However, I find that Mr. Acevedo qualifies for

24     relief from that minimum because he meets the criteria set

25     forth in 18 U.S.C. Section 3553 (F) (1) through (F) (5).  I

LASAAACES                    S - E - A - L - E - D

1   will Therefore sentence him without regard to any statutory

2   minimum sentence.

3          I have to explain the factors I have considered in

4   arriving at the defendant's sentence.  First, as I mentions

5   earlier and as required, I have considered his advisory

6   guidelines range, which is 30 to 37 months.  Under the Supreme

7   Court's decision in Booker and cases that followed Booker, that

8   guidelines range is only one factor that I must consider in

9   deciding the appropriate sentence.

10          I also am required to consider the other factors set

11   forth in Title 18 U.S.C. Section 3553(a).  Those factors

12   include the nature and circumstances of the offense and history

13   and characteristics of the defendant.

14          I also must just consider the need for the sentence

15   imposed to reflect the seriousness of the offense, to reflect

16   respect for the law and to provide just punishment for the

17   offense, the need for the sentence to afford adequate

18   deterrence of criminal conduct, to protect the public from

19   further crimes of the defendant and to provide the defendant

20   with needed educational and vocational training and medical

21   care and other correctional treatment in the most effective

22   manner.  I must impose a sentence that is sufficient but not

23   greater than necessary to comply with those purposes.

24          I must also consider the kinds of sentences available,

25   the guidelines range, any permanent policy statements, the need

LASAAACES                    S - E - A - L - E - D

1    to avoid unwarranted sentence disparities among defendants with

2    similar records who have been found guilty and the need to

3    provide restitution to any victims of the offense.

4            I have given substantial thought and attention to each

5    of these factors in arriving at the sentence.

6            I'll begin with the nature and circumstances of the

7    offense, as well as the need for the sentence to reflect the

8    seriousness of the offense and to provide just punishment for

9    the offense, and those factors do weigh strongly in favor of a

10   significant term of imprisonment.

11           Over multiple months from August 2019 through

12   February 2020, Mr. Acevedo illegally sold cocaine to an

13   undercover law enforcement officer.  He first sold small

14   amounts during totally three and a half grams on August 13,

15   2019, and eventually sold much larger quantities.

16           On November 21, 2019, he sold 50 grams of cocaine to

17   the undercover officer.  On January 3, 2020, he sold 100 grams

18   to the undercover officer.  And on February 14, 2020, he sold

19   57 grams to the undercover officer.  In total, Mr. Acevedo was

20   responsible for distributing about 747 grams of cocaine.  And

21   on one of the occasions, on February 14, 2020, he also gave the

22   undercover officer a sample of heroin, providing that officer

23   with three glassines of narcotics.

24           Obviously, the distribution of highly addictive

25   potentially deadly lethal drugs is extremely serious criminal

23

LASAAACES                    S - E - A - L - E - D

1    conduct can cause a significant term of incarceration.

2    Congress of course has recognized as much if not from

3    Mr. Acevedo's eligibility for safety valve relief, I would have

4    no discretion to sentence to anything less than five years in

5    prison.

6          Now, I also note however, that there are no

7    information for me that Mr. Acevedo played a leadership or

8    senior role in the drug conspiracy.  The scheme involving the

9    handing over and distributing the narcotics, in this case to an

10   undercover law enforcement office.

11         There is also the need for both specific deterrence

12   and for the sentence to promote respect for the law.  I

13   understand Mr. Marvinny's point that in the event that

14   Mr. Acevedo is removed from the United States, this

15   consideration may not be as strong but I do think there is a

16   need for deterrent and to promote respect for the law in this

17   case.

18         While Mr. Acevedo is eligible for safety valve relief

19   he has only one criminal history point under the guidelines

20   from a 2016 driving while intoxicated condition, that is not to

21   say he has not otherwise committed crimes in his life time.

22   The fact that he has relevant lengthy criminal history.  Almost

23   all of his prior crime occurred a long ago to account for his

24   guidelines his criminal history but it still occurred.

25         As noted in the presentence report, he has no

LASAAACES                    S - E - A - L - E - D

1    convictions since he was 23, or any prior convictions since he

2    was 23.  Those were narcotics convictions, possession of a

3    firearm which again was a long time ago back in 1981 and a 2001

4    conviction for attempted assault in the second degree after

5    stabbing someone with a kitchen knife.

6         While I appreciate your point that recidivism rates

7    generally decrease among older offenders, I am concerned that

8    that trend does not seem to apply here.  Given that Mr Acevedo

9    participated in this conspiracy in his early 60s, suggests that

10   he may not have aged out of committing crimes.

11        Now, I also have considered the history and

12   characteristics of Mr. Acevedo.  Mr. Acevedo appears to have

13   suffered from substance for most of his life.  That may very

14   well have contributed to the commission of the instant offense.

15   He also appears to suffered from various health conditions

16   including a hernia that we discussed at prior court appearances

17   which may require surgery and also issues that Mr. Marvinny

18   mentioned regarding the fact he has hypertension, among other

19   ailments.



25        I will now state the sentence that I intend to impose.

                                                                        25

LASAAACES              S - E - A - L - E - D

1          Mr. Acevedo, would you, please, stand.  Mr. Acevedo,

2    it is the judgment of this Court that you are remanded to

3    custody of the Bureau of Prisons for 20 months, to be followed

4    by a period of four years of supervised release following any

5    term of imprisonment.  I conclude that is a sentence that is

6    suffer but not greater than necessary to achieve the purpose of

7    sentencing and those are for the reasons I just went through.

8          Mr. Acevedo, if you wish, you may now be seated while

9    I read the conditions of your supervised release that you must

10   comply with and other details of your sentence.

11         You will be supervised -- and again, this is upon your

12   release from custody and if you're released into the community,

13   you will supervised in the district of your residence.  The

14   standard conditions of supervised release shall apply.  They

15   are on pages 19 and 20 of the presentence investigative report.

16         Mr. Marvinny, Mr. Acevedo, would you like me to read

17   those conditions out loud for you?

18         THE DEFENDANT:  It's not necessary.  I can read them

19   later.

20         THE COURT:  Okay.  Mr. Marvinny, is that okay with

21   you?

22         MR. MARVINNY:  That's fine.  And we have reviewed

23   them.

24         THE COURT:  Thank you.

25         I will therefore assume that Mr. Acevedo and the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

LASAAACES                    S - E - A - L - E - D

1   attorneys in this case have read the standard conditions given

2   Mr. Marvinny's presentation and my discussion earlier regarding

3   the presentence report.

4         In addition to those standard conditions, Mr. Acevedo,

5   you will be subject to certain mandatory conditions.

6         You must not commit another federal, state or local

7   crime.

8         You must not illegally possess a controlled substance.

9         I will impose a special condition requiring drug

10  treatment and testing.  I will suspend the mandatory drug

11  testing condition and you must cooperate in the collection of

12  DNA as directed by the probation officer.

13        You must also meet certain special conditions of

14  supervised release.  I'll mention those now.

15        You must submit your person and any property,

16  residence, vehicle, papers, computer, other electronic

17  communication, data storage devices, file storage or media in

18  effect to a search by any U.S. probation office, and if needed,

19  with the assistance of any law enforcement.

20        The search will be conducted when there is a

21  reasonable suspicion concerning violation of conditions of

22  supervision or unlawful conduct by the person being supervised.

23        Failure submit to a search may be grounds for

24  revocation of release.

25        You shall warn any other occupants that the premise

LASAAACES                    S - E - A - L - E - D

1    may be subject to searches pursuant to this condition.

2           Any search shall be conducted at a reasonable time and

3    in a reasonable manner.

4           Next, given your prior drug use, you must participate

5    in an outpatient treatment program approved by the United

6    States Probation Office, which program may include testing to

7    determine whether you reverted to using drugs and alcohol.

8           You must contribute to the cost of services rendered

9    in an amount determined by the probation officer based on your

10   ability to pay and the availability of third party payment.

11          I authorize the release of available drug treatment

12   evaluation and reports included in the presentence

13   investigation report to the substance abuse treatment provider.

14          And also, you must obey immigration laws and comply

15   with the directives of immigration authorities.

16          There is no restitution or forfeiture in this case.    I

17   am not going to impose a fine because I find that you do not

18   have the ability to pay it.

19          Lastly, I impose a mandatory special assessment of

20   $100, which shall be due immediately.

21          I also will include the recommendation that

22   Mr. Acevedo participate in the RDAP treatment program.

23          Mr. Marvinny, has that been --

24          MR. MARVINNY:  Yes.  Thank you.

25          THE COURT:  Does either counsel know of any reason why

LASAAACES                    S - E - A - L - E - D

1     the sentence shall not be imposed as stated?

2              MR. DAVIS:  No, your Honor.

3              MR. MARVINNY:  No, your Honor.

4              THE COURT:  I will order the sentence I have described

5     to be imposed as stated.  I find the sentence is sufficient but

6     not greater than necessary to satisfy the sentencing purposes

7     set forth in 18 U.S.C. Section 3553(a)(2), including the need

8     to promote respect for the law, to provide just punishment for

9     the offense, to afford adequate deference of the defendant and

10    others, and to protect the public from further crimes of the

11    defendant.

12             Mr. Davis, are there any open counts?

13             MR. DAVIS:  No, your Honor.

14             THE COURT:  Mr. Acevedo, I advise you that you have

15    the right to appeal from the judgment imposed and sentence to

16    whatever extent you have not waived it.  If you are unable to

17    pay for the cost of an appeal, you may apply leave to appeal in

18    forma pauperis.  If that application were granted, you would be

19    permitted to appeal without payment of any fees.  The notice of

20    appeal must be filed within 14 Davis of the judgment of

21    conviction.

22             Mr. Acevedo, the sentence I imposed reflects the

23    seriousness of your crime.

24             I also impose a sentence that's quite a bit lower than

25    what the guideline range otherwise provided.

LASAAACES                    S - E - A - L - E - D

1       When you are released from prison, I don't know what

2   is going to be next for you in terms of immigration

3   consequences, but I do hope that you have many years ahead of

4   you and plenty of opportunity to live a productive and

5   law-abiding life.

6       The courtroom is as crowded as it's been here in two

7   years because of you, because people who love you and are

8   supporting you.  Thank you.

9       I thank everyone for attending and I wish you all the

10  best.

11      Anything else further?

12      MR. DAVIS:  Nothing further, your Honor.

13      MR. MARVINNY:  Your Honor, I would move to seal the

14  transcript of today's proceeding?

15      MR. DAVIS:  No objection.

16      THE COURT:  The entirety transcript?

17      MR. MARVINNY:  ███████████████████████████████

18  ██████████████████████████

19      THE COURT:  I will seal the transcript.

20      Within a week, Mr. Marvinny, can you provide a

21  redacted version of what you wish to have sealed and if you

22  need more than a week in particular by the time we get a copy

23  of the transcript.  I don't want to impose on the reporter.

24  But if you need more than a week it's certainly fine but send

25  me what you propose to have redacted.

30

LASAAACES                    S - E - A - L - E - D

1              MR. MARVINNY:  Will do.

2         Thank you, your Honor.

3         THE COURT:  All right.  Thank you, everyone.

4         This proceeding is adjourned.  Good afternoon.

5         (Adjourned)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25